## BOWERS C. HATHEWAY *vs.* ROBERT H. REED & trustee.

Suffolk.   March 10. — June 28, 1879.   MORTON & ENDICOTT, JJ., absent.

In a trustee process, the trustee's answer set up an assignment by the principal defendant of his wages to another, and stated that the assignment was "duly recorded." The assignment purported on its face to be made by the defendant, of the town of S., and recorded in the office of a town clerk. *Held*, that the assignment must be deemed to have been recorded in the office of the town clerk of S., and that the statement in the trustee's answer was upon a matter of fact, and not of law.

TRUSTEE PROCESS. Writ dated July 28, 1877, and served upon the trustee August 1, 1877. The defendant was defaulted. The Adams Express Company, summoned as trustee, answered that at the time of the service of the writ upon it, it had no goods, effects or credits of the defendant in its hands. By a further answer, it stated " that on September 28, 1876, the defendant, by a written instrument duly recorded (a copy whereof is hereto annexed), assigned all the wages that should become due to him from said company, from the date thereof to January 1, 1878, to F. O. Barrett, of Boston; that the company was notified of said assignment about the time of the making thereof; that since said notification the wages of the defendant have always been paid to said Barrett; that the July wages of the defendant, viz. $75, were paid as usual to said Barrett; and that since said assignment the company has had none of the goods, effects or

credits of the defendant in its hands or possession." The copy of the assignment annexed to the answer purported to be signed and sealed by the defendant, and to be as follows: " Know all men by these presents, that I, R. H. Reed, of Southbridge, in the county of Worcester, in consideration of $900, to me paid by F. O. Barrett, of the city of Boston, the receipt whereof I do hereby acknowledge, do hereby assign and transfer to said Barrett all claims and demands which I now have, and all which, at any time between the date hereof and the first day of January, 1878, I may and shall have against the Adams Express Company, for all sums of money due, and for all sums of money and demands which, at any time between the date hereof and the said first day of January, 1878, may and shall become due to me for services as its messenger or agent, to have and to hold the same to the said Barrett, his executors, administrators and assigns, forever. And I, R. H. Reed, do hereby constitute and appoint the said F. O. Barrett, and his assigns, to be my attorney, irrevocable in the premises; to do and perform all acts, matters and things touching the premises, in the like manner to all intents and purposes as I could if personally present. In witness whereof I have set my hand and seal, this twenty-eighth day of September, 1876."

On this was the following: " Received and entered September 28, 1876, at eight o'clock P. M., by Samuel S. Perry, Town Clerk."

In answer to interrogatories of the plaintiff, the trustee stated that, at the time of service upon it, the defendant was, and since 1873 had been, in its employ at a salary of $75 a month; that there was then due for services rendered by the defendant the sum of $75, which was paid to Barrett; and that this payment was made after the service of the writ.

The Superior Court ordered judgment for the plaintiff as against the principal defendant; and discharged the trustee. The plaintiff appealed to this court.

*J. F. Biscoe,* for the plaintiff.

*J. H. Young,* for the trustee.

AMES, J. No attempt was made in the court below to impeach the good faith of this assignment, or to deny that it was made upon a proper and adequate consideration. We are justi-

fied, therefore, in assuming that it was not open to objection on any such ground. *Boylen* v. *Leonard*, 2 Allen, 407.

If then it was properly recorded, according to the terms of the St. of 1865, *c*. 43, § 2, it is valid against the trustee process, and the trustee would be entitled to be discharged. The trustee's answer shows that it was recorded on the day of its date, in the office of a town clerk. The assignment purports to be made by Robert H. Reed of Southbridge in the county of Worcester, and the answer of the trustee alleges that it was " duly recorded." The answer in this particular is objected to in the argument as a mere expression of the trustee's opinion upon a question of law. But an assignment by a citizen of Southbridge, recorded in the office of a town clerk, cannot be " duly recorded " except by the town clerk of Southbridge, so that the answer of the trustee is upon a matter of fact, and not of law. We see no reason therefore for any other entry in the case than *Judgment affirmed.*